**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MAYLOIS BACOT** | **CIVIL ACTION** |
| **v.** | **NO: 25-2276** |
| **ETHEL SIMMS JULIEN, ET AL.** | **SECTION: C (4)** |

**ORDER AND REASONS**

Before the court are: the FRCP 12(b)(5) and 12(b)(2) Motion to Dismiss and FRCP 12(e) Motion for More Definite Statement (R. Doc. 8) filed February 24, 2026 by defendants, PHH Mortgage Corporation and Amanda Stout; Citi Residential Lending, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(4), 12(b)(5), and 12(b)(2) and Motion for More Definite Statement Pursuant to FRCP 12(e) (R. Doc. 18) filed March 16, 2026; the Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) (R. Doc. 20) filed March 24, 2026 by defendant, Penny Daigrepont; and the FRCP 12(b)(6) Motion to Dismiss (R. Doc. 22) filed March 25, 2026 by defendant, LOGS Legal Group, LLP.[1] The motions are **GRANTED**.

[1] Defendants' motions are unopposed. However, failure to oppose a motion to dismiss does not alone provide grounds to grant the motion and dismiss the case. *Pramann v. Janssen Pharmaceuticals, Inc.*, No. 16-cv-12413, 2017 WL 58469, at *1 (E.D. La. Jan. 5, 2017) (citing *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012)).

# I. BACKGROUND

Plaintiff, Maylois Bacot, sued multiple defendants, including attorneys, law firms, corporations, and a former state court judge, over a real estate foreclosure. The foreclosure was litigated in Louisiana state court from 2020 to 2023.[2] Bacot makes many claims and requests for relief under the federal and Louisiana state constitutions, federal and state law and regulations, and rules of ethical and professional conduct by judges and lawyers.[3] The requests include a temporary restraining order and preliminary injunction against the foreclosure proceeding.[4]

# II. ANALYSIS

## *A. PHH Mortgage Corporation, Amanda Stout, and Citi Residential Lending, Inc.*

PHH Mortgage Corporation and Amanda Stout seek dismissal arguing service was not proper, and the court does not have personal jurisdiction.[5] Alternatively, they request that Bacot amend her complaint to adequately state her claims and give notice of the damages caused by PHH and Stout.[6]

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides for dismissal if service of process is insufficient under Rule 4. Under Rule 4(e), an individual defendant may either be served by following state procedures, or by one of the

[2] R. Doc. 1; R. Doc. 22-2.
[3] R. Doc. 1 at 3.
[4] *Id.* at 3–9.
[5] R. Doc. 8-1 at 2–4.
[6] *Id.* at 4–7.

following methods: (1) "delivering a copy of the summons and of the complaint to the individual personally," (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process".

A corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint" to an officer or authorized agent. Rule 4(h)(1). Thus, service according to state law is authorized. Louisiana law authorizes "personal service" on a corporation's registered agent. La. Code. Civ. P. art. 1261(A). A separate procedure addresses a corporation that fails to designate an agent for service of process. La. Code. Civ. P. art. 1261(B).

PHH and Stout received copies of the complaint and summons by registered mail.[7] That is not an authorized service method for either party. *See Wesenberg v. New Orleans Airport Motel Associates TRS, LLC*, No. 14-cv-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015) ("Courts have consistently held, however, that Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by mail.") (citing cases). Neither PHH nor Stout received personal service.

[7] R. Doc. 8-2; R. Doc. 8-3.

Consequently, the court dismisses plaintiff's claims against PHH and Stout for lack of personal jurisdiction.

Citi Residential Lending, Inc. designated an agent for service of process. Like PHH and Stout, Citi received the complaint and summons by registered mail.[8] Again, that is ineffective. Bacot's claims against Citi are dismissed for lack of personal jurisdiction.

*B. Penny Daigrepont*[9]

Penny Daigrepont seeks dismissal under Rules 12b(6) and 12b(1). Among other arguments, Daigrepont contends (1) she is immune for all actions taken by her as counsel for an opposing party in the state court proceedings, (2) there are no independent acts by Daigrepont apart from her acts as opposing counsel and (3) Bacot fails to plead facts sufficient to support federal civil rights claims and tort claims against Daigrepont.[10]

The only discernible allegations against Daigrepont are that she acted unlawfully while representing Bacot's adversary in the state court proceedings. Generally, Louisiana law does not permit negligence claims against adverse counsel.

---

[8] R. Doc. 18-2 at 5.
[9] Both Daigrepont and LOGS Legal Group, LLP raise the *Rooker-Feldman* doctrine to justify dismissing Bacot's claims. R. Doc. 20-1 at 5–6; R. Doc. 22-2 at 4–5. It is unclear from the October 2023 state court judgment whether Daigrepont and LOGS (formerly Shapiro & Daigrepont LLC) were parties to the final judgment. However, because the court grants defendants' motions on other grounds, the *Rooker-Feldman* doctrine need not be addressed.
[10] R. Doc. 20-1 at 1–2.

*In Re Gulf States Long Term Acute Care of Covington, LLC*, Nos. 11-cv-1659, 13-cv-1508, 2014 WL 1600373, at *3 (E.D. La. April 21, 2014) (citation omitted). The prohibition applies to acts by adverse counsel that violate the Louisiana Rules of Professional Conduct and result in negligible injury. *Id.* at *5. While there is a narrow path for suits against adverse counsel for intentional acts, such acts must demonstrate "a specific malice or intent to personally inflict direct harm upon his client's adversary and with full knowledge that his conduct would cause such harm." *Id.* at *3 (citation omitted).

Bacot makes no specific allegation against Daigrepont. She alleges "all defendant parties acted in concert" to conspire to deprive her of her residence and commit fraud on the court in so doing. "A plaintiff must allege facts that establish each individual [d]efendant's liability for the misconduct alleged." *Hawkins v. Sanders*, No. 19-13323, 2023 WL 2565403, at *3 (E.D. La. March 17, 2023) (citations and other quotation marks omitted). A plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct without specifying which defendants engaged in what wrongful conduct." *Id.* (citation and internal quotation marks omitted). A court will dismiss a complaint that contains such "impermissible vague group pleading". *Id.* (citation omitted).

Additionally, the law requires that fraud be alleged with specificity. *See Pioneer Production Services, Inc. v. Extex Operating Company*, No. 26-cv-1024, 2026 WL 2291215, at *2 (E.D. La. Aug. 10, 2026) ("Fraud must be plead with particularity … Generally, this requires a complaint to contain the 'who, what, when, where, and how of the alleged fraud.'") (citing Fed. R. Civ. P. 9(b); *Allstate Indemnity Co. v. Bhagat*, 164 F.4th 426, 434 (5th Cir. 2026)). Bacot provides no factual support for her fraud allegations. Her assertions are vague with no corroborating details. The vague group pleading and conclusory allegations throughout the complaint require dismissal of the claims against Daigrepont.

*C. LOGS Legal Group, LLP*

LOGS Legal Group, LLP moves for dismissal under Rule 12b(6) for failing to state a claim.[11] Bacot only mentions LOGS in a list of defendants who she seeks to enjoin from selling her house and from whom she seeks relief for violating her federal and state constitutional and legal rights. It appears LOGS (under a former name) was Deutsche Bank's counsel in the state court foreclosure proceedings.[12] The same failings noted against Daigrepont, above, apply to LOGS.

[11] R. Doc. 22-2 at 1.
[12] R. Doc. 22-1 at 1–5.

Bacot makes no specific factual allegations against LOGS. As with Daigrepont, such group pleading is impermissible and requires dismissal of Bacot's claims.

## III. CONCLUSION

**IT IS ORDERED** that the FRCP 12(b)(5) and 12(b)(2) Motion to Dismiss and FRCP 12(e) Motion for More Definite Statement (R. Doc. 8), Citi Residential Lending, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(4), 12(b)(5), and 12(b)(2) and Motion for More Definite Statement Pursuant to FRCP 12(e) (R. Doc. 18), the Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) (R. Doc. 20), and the FRCP 12(b)(6) Motion to Dismiss (R. Doc. 22) are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against PHH Mortgage Corporation, Amanda Stout, Citi Residential Lending, Inc., Penny Daigrepont, and LOGS Legal Group, LLP are **DISMISSED, WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that on or before **September 24, 2026**, plaintiff is instructed to file proof of service, or show good cause, in writing, why service of process has not been effected on the unserved defendants. Failure to comply with this order may result in the dismissal of this case in its entirety.

New Orleans, Louisiana this 10th day of September 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE